IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY K. V., JR.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:20-cv-625-DWD |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423.

**Procedural History**

Plaintiff applied for DIB on January 1, 2015, alleging a disability onset date of May 8, 2014. After holding an evidentiary hearing, an Administrative Law Judge ("ALJ") denied the application on December 16, 2016. The Appeals Council denied Plaintiff's request for review on March 15, 2017. Plaintiff filed a complaint in this Court, seeking judicial review of the agency decision. After the parties filed a joint motion for remand, this Court remanded the case for further evaluation. *Gary V., Jr. v. Berryhill*, No. 17-cv-510-JPG-CJP, Doc. 16 (S.D. Ill. Dec. 11, 2017). A second ALJ held an evidentiary hearing

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

on July 10, 2018 and denied the application on July 25, 2018. The Appeals Council denied Plaintiff's request for review on April 29, 2020, making the second ALJ's decision the final agency decision subject to judicial review. Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

## **Applicable Legal Standards**

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes. Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the

national economy. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, this Court is not tasked with determining whether or not Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for "substantial evidence," the Court takes the entire administrative record into consideration but does *not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

### The Decision of the ALJ

The ALJ followed the five-step analytical framework described above. At step one, she determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. He was 42 years old on the alleged onset date. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbago/degenerative disc disease, obesity, anxiety, and depression.

At step three, the ALJ found that Plaintiff does not have any impairments or combination of impairments that meet any of the listings. The ALJ determined that Plaintiff had only a mild limitation in his ability to understand, remember, and apply information. (Tr. 778) She found that Plaintiff had moderate limitations in his abilities to interact with others and adapt or manage himself. (Tr. 779) The ALJ also concluded that Plaintiff had only a moderate limitation in his ability to concentrate, persist, or maintain pace. Although Plaintiff, his wife, and his mother-in-law described significant limitations in Plaintiff's ability to concentrate, the ALJ concluded that the evidence as a whole shows no more than a moderate limitation. (Tr. 779) The ALJ pointed specifically to the facts that Plaintiff completed a bachelor's degree after his disability onset date and was working on a master's degree and that the medical evidence consistently found his concentration and attention to be adequate. (Tr. 779)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with these additional qualifications:

> [H]e cannot climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs. The claimant can engage in occasional balancing, stooping, kneeling, crouching and crawling. The claimant cannot work in an environment with more than a noise intensity level of three – moderate. He is limited to performing simple routine tasks but not in a fast paced environment such as an assembly line. He is limited to work that requires only occasional changes in the work setting and he can have occasional interaction with co-workers with no interaction with public.

(Tr. 779–80)

At step four, the ALJ relied on the testimony of a vocational expert ("VE") to find

that Plaintiff could not do his past relevant work as a food inspector, store laborer, oil changer, assistant manager, or material handler. (Tr. 790) However, at step five, the ALJ found that Plaintiff was not disabled because he was able to do other jobs that exist in significant numbers in the national economy. (Tr. 791–92)

### The Evidentiary Record

Plaintiff lives in Granite City, Illinois, and is married with two children. (Tr. 809) He completed a bachelor's degree in theology and was working on a master's degree at the time of the hearing. (Tr. 821) He was injured while serving in the United States Army in October 2012. (Tr. 811) Since his injury, he has experienced pain in his back and left leg. (Tr. 811) Plaintiff also suffers from anxiety. (Tr. 815) He testified that he has problems concentrating. (Tr. 818) For instance, he described himself as a "channel clicker" who changes the channel on the TV every 30 seconds. (Tr. 818)

In 2014, a psychiatrist at the St. Louis Veterans Affairs Medical Center ("VA") examined Plaintiff and found that his concentration, immediate recall, memory for recent events, and insight and judgment were all good. (Tr. 356) In March 2015, another psychiatrist noted that Plaintiff had good concentration, although Plaintiff reported that he has instances of "zoning out" once every two weeks. (Tr. 478–79) During several checkups in 2015 and 2016, Plaintiff again appeared to have good concentration and normal attention on examination. (Tr. 473, 531, 538, 1253)

In March 2015, a state agency non-examining psychologist, Dr. Howard Tin, concluded that Plaintiff has difficulty "maintaining concentration for extended periods of time." (Tr. 82) But he indicated that Plaintiff can carry out "short and simple

5

instructions," despite a collateral source who claimed that Plaintiff "has a short attention span of a few minutes." (Tr. 82) Another state agency non-examining psychologist, Dr. Darrell Snyder, reached the same conclusion that Plaintiff has difficulty maintaining attention and concentration for extended periods of time but can carry out "short and simple instructions." (Tr. 97–98) The ALJ concluded that the state agency psychological consultants' opinions were entitled to great weight. (Tr. 789)

In January 2017, a psychologist at the VA completed a disability benefits questionnaire and noted that Plaintiff has "[o]ccupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation." (Tr. 1184) In response to the questionnaire, Plaintiff reported that he earned two B's and a D in his master's degree program because of his difficulties with concentration. (Tr. 1186) He also reported "mild forgetfulness or slips of concentration during conversations." (Tr. 1187) The psychologist completing the questionnaire observed that Plaintiff's "attention and concentration were adequate as evidenced by his ability to follow interview questions and provide appropriate answers." (Tr. 1188)

In February 2017, Plaintiff reported to a psychiatrist at the VA that his focus and concentration decrease almost daily around 4:00 p.m. (Tr. 1182) The psychiatrist prescribed a stimulant medication to help with his concentration problem. (Tr. 1182) In April 2017, Plaintiff reported that the stimulant significantly improved his ability to complete tasks. (Tr. 1178) His examination findings showed good concentration and

normal attention in July 2017. (Tr. 1172–73)

In November 2017, Harry Deppe, Ph.D., examined Plaintiff on referral. (Tr. 1325) On examination, Dr. Deppe found that Plaintiff "had no difficulty staying on task and his responses to questions and comments were coherent and relevant." (Tr. 1327) He concluded that Plaintiff had an "intact ability to maintain attention for simple and repetitive tasks." (Tr. 790) The ALJ gave Dr. Deppe's opinion some weight. (Tr. 790)

Finally, two more state agency psychological consultants reviewed Plaintiff's record and offered their opinions. Donald Henson, Ph.D., and M.W. DiFonso, Psy.D., indicated that Plaintiff's ability to carry out short, simple instructions and maintain concentration was not significantly limited. (Tr. 930, 946) They also indicated that Plaintiff has moderate limitations in his ability to (1) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances and (2) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 930, 946)

## Analysis

Plaintiff raises one argument in favor of remand: the "ALJ erred by failing to account for deficits of concentration, persistence, or pace in the RFC." (Doc. 15 at 5) The RFC accounts for Plaintiff's mental impairments by restricting his work to simple, routine tasks, not performed in a fast-paced environment such as an assembly line, and requiring only occasional changes in work setting, limited interactions with co-workers, and no interactions with the public. (Tr. 779–80) Plaintiff argues that these limitations do not

7

account for the ALJ's finding that he has moderate limitations in concentration, persistence, and pace. (Doc. 15 at 11) Because the hypotheticals posed by the ALJ to the VE mirror the RFC, Plaintiff argues that the ALJ's hypotheticals also failed to adequately describe his limitations. (Doc. 15 at 5)

The Seventh Circuit has "repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) (internal quotation marks and citations omitted). "'Few if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence. It is also problematic that the ALJ failed to define 'fast paced production.' Without such a definition, it would have been impossible for the VE to assess whether a person with [Plaintiff's] limitation could maintain the pace proposed." *Id.* at 815.

However, the Seventh Circuit has not insisted "on a per se requirement that this specific terminology ('concentration, persistence and pace') be used in the hypothetical in all cases." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). "Even generic limitations, such as limiting a claimant to simple, repetitive tasks, may properly account for moderate limitations in concentration, persistence, and pace, so long as they adequately account for the claimant's demonstrated psychological symptoms found in the record." *Urbanek v. Saul*, 796 F. App'x 910, 914 (7th Cir. 2019) (internal quotation marks omitted). For example, limitations in the RFC to "repetitive, low-stress" work suffice

8

when a claimant's moderate limitations in concentration, persistence, and pace result from a panic disorder triggered by stressful environments. *O'Connor-Spinner*, 627 F.3d at 619 (quoting *Johansen v. Barnhart*, 314 F.3d 283 (7th Cir. 2002)). A limitation to "simple, repetitive tasks" may also suffice when the ALJ finds that a claimant's moderate limitations in concentration, persistence, and pace occur only when the claimant encounters a complex task. *Bruno v. Saul*, 817 F. App'x 238, 242 (7th Cir. 2020).

Here, the RFC accounted for Plaintiff's demonstrated psychological symptoms despite failing to explicitly reference his moderate limitations in concentration, persistence, and pace. The ALJ found that the medical evidence does not support Plaintiff's claims that he experienced persistently poor attention and concentration. (Tr. 787) While Plaintiff, his wife, and his mother-in-law all described Plaintiff's difficulties with concentration and his short attention span, his medical records provide adequate support for the ALJ's findings regarding his concentration and attention span. The ALJ also pointed to Plaintiff's completion of a bachelor's degree and his work on a master's degree as evidence of his ability to accomplish tasks and goals. Further, the ALJ relied on the opinions of Dr. Tin and Dr. Snyder who opined that Plaintiff has difficulty concentrating for *extended* periods of time but can carry out short, simple instructions. The ALJ also gave some weight to the opinion of Dr. Deppe, who reviewed the medical records and found that Plaintiff had no difficulties staying on task on examination. Dr. Deppe concluded that Plaintiff is able to maintain the attention required to perform simple, repetitive tasks.

Finally, Plaintiff argues that the ALJ erred by not considering the opinions of Dr.

9

Henson and Dr. DiFonso. (Doc. 15 at 10–11) Any error the ALJ may have committed by not explicitly considering the opinions of Dr. Henson and Dr. DiFonso is harmless. Their opinions only confirm that restricting Plaintiff to short, simple tasks and instructions adequately accounts for his moderate limitations in concentration, persistence, and pace. *See McKinzey v. Astrue*, 641 F.3d 884, 891–92 (7th Cir. 2011) (ALJ's failure to consider state agency physician's opinion is harmless error when the opinion would not change the result). Based on the medical evidence, the ALJ properly concluded that restricting Plaintiff's RFC to simple, repetitive tasks would adequately account for Plaintiff's moderate limitations in concentration, persistence, and pace.

## Conclusion

After careful review of the record as a whole, the Court is convinced that the ALJ committed no errors of law, and that her findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits is **AFFIRMED**.

The Clerk of Court is directed to enter judgment in favor of defendant.

**SO ORDERED.**

Dated: July 19, 2021

_____
DAVID W. DUGAN
United States District Judge